# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC ANTHONY GREISDORF,**

      **Plaintiff,**

v.                                                                                       Case No:   6:15-cv-775-Orl-28KRS

**GOVERNOR, STATE OF FLORIDA,**
**PATRICIA (PK) JAMESON,**
**HONORABLE TIM SMITH,**
**HONORABLE LISA TAYLOR**
**MUNYON, GEORGE W. COLEMAN,**
**HONORABLE TERRANCE R. PERKINS,**
**DIANNE MATOUSEK, HONORABLE**
**BERTILA SOTO and HARVEY RUVIN,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND MOTION TO PROCEED WITHOUT PREPAYMENT OF COSTS (Doc. No. 13)** |
| **FILED:** | **September 16, 2015** |

| | |
|---|---|
| **MOTION:** | **SECOND MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF COUNSEL (Doc. No. 17)** |
| **FILED:** | **September 28, 2015** |

### I.  PROCEDURAL HISTORY.

On May 13, 2015, Plaintiff Eric Anthony Greisdorf ("Greisdorf") filed a class action complaint against Rick Scott, Patricia Jameson, Tim Smith, Lisa Taylor Munyon, Gregory W.

Coleman, Terrance R. Perkins, Dianne Matousek, Bertila Soto, and Harvey Ruvin. Doc. No. 1. That same day, Greisdorf filed a Motion to Proceed Without Prepayment of Costs, which I construed as a motion to proceed *in forma pauperis*. Doc. No. 3. After conducting a frivolity review, I recommended, *inter alia*, that the Court (1) deny Greisdorf's motion to proceed without prepayment of costs because Greisdorf had presented no information establishing that he was a pauper and (2) strike the complaint as a shotgun pleading. Doc. No. 5. On July 30, 2015, the Court issued an order adopting that report and recommendation. Doc. No. 9. The Court also informed Greisdorf that on or before August 21, 2015, he was required to file an amended complaint and either pay the filing fee or submit a renewed motion to proceed *in forma pauperis* that was supported by an appropriate affidavit. *Id.* at 2–3.

On August 21, 2015, Greisdorf filed an amended complaint. Doc. No. 10. On August 26, 2015, Greisdorf also filed a second amended complaint. Doc. No. 11. In the second amended complaint, he asserts the following counts: (1) "Prejudice and Negligence"; (2) "Invasion of Privacy, Violation of FL Statute 119, and Florida Supreme Court Order AOSC49-07"; (3) "Accessory to Fraud"; (4) "Criminal Activity"; (5) "Denial of Right to Fair Trial"; (6) "Violation of Constitutional Rights"; (7) "Coercion"; and (8) "Taxation without Representation." *Id.* at 16–17. He alleges that the relief requested exceeds $100,000,000.00, and he "demands a Jury to decide[] all Judgments entered during this time, against or for pro se litigants, are suspect." *Id.* at 13, 15. He also requests that the Court change the venue of the case to a federal district court that allows *pro se* electronic filing. *Id.* at 3.

Although he timely amended his complaint, Greisdorf did not timely pay the filing fee or submit an appropriate *in forma pauperis* motion, as required by the Court's order. Accordingly, on August 27, 2015, I issued an order requiring Greisdorf to show cause why the case should not be

dismissed.  Doc. No. 12.  Greisdorf subsequently filed a Second Motion to Proceed Without Prepayment of Costs, Doc. No. 13, which he supplemented with an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. No. 18.  He also filed a Second Motion for Class Certification and Appointment of Counsel.  Doc. No. 17.

The Second Motion to Proceed Without Prepayment of Costs and Second Motion for Class Certification and Appointment of Counsel have been referred to me by the presiding District Judge for the issuance of this Report and Recommendation.  The matters are now ripe for review.

**II.     ALLEGATIONS OF THE COMPLAINT.**

Greisdorf alleges that, in Florida courts, parties represented by counsel have electronic access to various online case management, filing, and record-access systems.  Doc. No. 11, at 5, 11–12.  These systems afford a party the ability to electronically file documents, view filings, and access publically available information.  *Id.* at 11–12.  They are not, however, available to *pro se* litigants.  *Id.* at 5, 12, 16.  Greisdorf contends that access to these systems allows represented parties "to more effectively litigate and prepare for court."  *Id.* at 12.  He states that unequal access to these electronic systems has resulted in "immeasurable" harm to the proposed class, and he estimates that it has caused over $5 million in harm to him personally.  *Id.* at 12.  He further states that the Florida Bar has denied him a bar number, which would be needed to register for the systems.  *Id.* at 8.

Greisdorf alleges that he was previously a party in a family law proceeding.  *Id.* at 5.  He indicates that his opponent had access to electronic filing and case management systems, while he did not.  *Id.* at 6.  The state court, however, "dismissed or denied . . . every pro se allegation of fraud."  *Id.*

**III.     ANALYTICAL STANDARD.**

Federal courts may allow an individual to proceed *in forma pauperis* if he "submits an affidavit that includes a statement of all assets that such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). A court shall dismiss the case if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). A cause of action is frivolous if it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)) (internal quotation marks omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "'fanciful,' 'fantastic,' and 'delusional'" or "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

While a *pro se* pleading should be liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Cobb v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008)[1] (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff is required

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A properly pled complaint, therefore, must "nudge[] the[] claims across the line from conceivable to plausible." *Id.* at 570.

**IV.   DISCUSSION.**

Greisdorf alleges that this Court has subject matter jurisdiction over the case because "[t]he United States Constitution is being violated by the State of Florida." Doc. No. 11, at 15. I construe this statement as a contention that the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331.[2] Bearing that in mind, I will proceed in three steps. First, I will address Gresidorf's failure to state any nonfrivolous claim concerning a violation of the U.S. Constitution. Second, in light of that determination, I will discuss why the Court should decline to exercise supplemental jurisdiction over Greisdorf's state-law claims. Finally, I will address why Greisdorf should not be granted leave to file a third amended complaint.

> A.   *Greisdorf Has Not Pled a Cognizable Claim Concerning Any Violation of the U.S. Constitution.*

Construing Greisdorf's complaint liberally, I discern three groups of claims that Greisdorf arguably asserts as violations of the U.S. Constitution: (1) invasion of his right to privacy; (2) violations of the right to due process, a fair trial, and equal access to the courts; and (3) "taxation without representation." Doc. No. 11, at 17. As will be discussed subsequently, however, none of these claims has merit.[3]

---

[2] Greisdorf does not explicitly state that the Court may exercise diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Moreover, the complaint does not include sufficient facts to warrant a determination that the Court may exercise such jurisdiction. Although the complaint suggests that the proposed class consists of "Florida Citizens," Doc. No. 11, at 5, it does not identify the citizenship of any defendant, *see Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (noting CAFA's requirement for minimal diversity).

[3] Moreover, many of my concerns pertaining to standing that were identified in the first report and recommendation remain. For example, despite identifying only *one* representative case in which he was involved, Greisdorf raises claims against the chief judges and clerks of *two* separate state circuit courts. The

        1.        <u>To the Extent Greisdorf Raises a Claim for Invasion of His Right to Privacy Under the U.S. Constitution, That Claim Is Frivolous.</u>

In his second count, Greisdorf asserts a claim for "[i]nvasion of [p]rivacy." Doc. No. 11, at 16. Greisdorf claims that his right to privacy was invaded because Defendants have given lawyers, through electronic filing and case management programs, access to "civil and criminal *public* records." Doc. No. 11, at 16 (emphasis added). However, "[t]here is . . . no constitutional right to privacy in information that is readily available to the public, including . . . judicial proceedings." *Larsen v. Johnston*, 327 F. App'x 53, 55 (10th Cir. 2009); *accord Cranford v. Thomas*, No. 1:09-cv-00224-MP-AK, 2010 U.S. Dist. LEXIS 4247, at *1–2 (N.D. Fla. Jan. 20, 2010) (determining that a plaintiff's claim that a law librarian violated a right to privacy by "copying a court order that was already public record" was "frivolous on [its] face"). That lawyers have access to public filings in judicial proceedings in no way impinges upon Greisdorf's right to privacy. Accordingly, to the extent he asserts a claim for violation of his right to privacy under the U.S. Constitution, the claim is frivolous on its face and due to be dismissed.

        2.        <u>Greisdorf's Claims Concerning the Denial of Due Process, a Fair Trial, and Access to the Courts Are Frivolous.</u>

Greisdorf also asserts a "[v]iolation of [c]onstitutional [r]ights." Doc. No. 11, at 17. He argues that Defendants violated his right to due process (including his right to a fair trial[4]) and access

---

second amended complaint does not make clear how he was harmed personally by all of these parties. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (noting that standing requires an injury that is "fairly traceable to the challenged action of the defendant").

   [4] I note that, in his second amended complaint, Greisdorf separately asserts his claims concerning violations of his right to due process and right to a fair trial. However, "[t]he right to a fair trial . . . stems from the procedural sphere of the Due Process Clause." *Porter v. White*, 483 F.3d 1294, 1303 n.4 (11th Cir. 2007); *accord Baker v. City of Hollywood*, No. 08-60294-CIV-HUCK-O'SULLIVAN, 2008 U.S. Dist. LEXIS 49315, at *15–16 (S.D. Fla. June 17, 2008). Accordingly, I will treat Greisdorf's claim concerning the denial of a fair trial as part and parcel of his due process claim.

to the courts when he was denied the ability to access his records electronically. *Id.* These claims are frivolous.

In *Blackston v. Alabama*, 188 F. App'x 803, 806–07 (11th Cir. 2006) (per curiam), the Eleventh Circuit addressed arguments similar to those advanced by Greisdorf. There, the *pro se* plaintiffs argued that the district court violated their rights of due process and access to the courts when it denied their request to file documents through the court's CM/ECF system. *Id.* The Eleventh Circuit determined that the claims had "no merit," noting that the plaintiffs had filed numerous documents during the proceedings through other means. *Id.* at 807. Similarly, in *Hunter v. Ridling*, No. 14-15543-F, at 7–9 (11th Cir. July 21, 2015), the Eleventh Circuit considered a *pro se* party's request for (1) "access to the Public Access to Court Electronic Records ('PACER') website 'in order to efficiently and expeditiously review the activity of th[e] lawsuit'" and (2) "a password to access th[e] Court's CM/ECF system because electronic filing will be 'more convenient and less expensive' for her." The Eleventh Circuit denied the requests, noting that they were without merit. *Id.* at 7–8.

These orders from the Eleventh Circuit are persuasive in the determination that Greisdorf fails to state a nonfrivolous federal claim. Moreover, I take judicial notice of the docket in Greisdorf's dissolution-of-marriage proceeding, which shows that he was able to submit filings to the state court.[5] Indeed, the docket reflects numerous motions, responses, objections, requests for reconsideration, notices of appeal, and other documents filed on his behalf. The volume of documents filed by Greisdorf shows that his access to the court was meaningful throughout the

---

[5] An electronic docket for *Greisdorf v. Greisdorf*, No. 2008 33768 FMCI (Fla. Cir. Ct.), is available on the website for the Volusia County Clerk of Court at http://app02.clerk.org/ccms/.

proceedings. *See Blackston*, 188 F. App'x at 807. Accordingly, Greisdorf's claims due process, fair trial and access to the courts claims should be dismissed.

    3. <u>Greisdorf's Federal "Taxation Without Representation" Claim Is Frivolous.</u>

Greisdorf also raises a claim for "taxation without representation." He bases this claim on his contention that the state electronic filing and case management systems, which he is unable to use, are funded through taxpayer dollars. However, the Supreme Court has expressly rejected the contention that "no man's property can be taxed unless some benefit to him personally can be pointed out." *Thomas v. Gay*, 169 U.S. 264, 277 (1898). Moreover, the federal constitution contains no right against "taxation without representation." *See Heald v. District of Columbia*, 259 U.S. 114, 124 (1922) ("There is no constitutional provision which so limits the power of Congress that taxes can be imposed only upon those who have political representation."); *Doe v. Maximus*, No. 3:10-00412, 2010 U.S. Dist. LEXIS 122286, at *14 (M.D. Tenn. Nov. 15, 2010) ("There is no legal basis for Plaintiff's 'taxation without representation' claim."). Consequently, the taxation without representation claim should be dismissed as frivolous.

  B. *The Court Should Decline to Exercise Supplemental Jurisdiction over Greisdorf's Remaining State Law Claims.*

When a district court dismisses all federal claims prior to trial, and no other basis for federal subject matter jurisdiction has been established by the plaintiff, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1099 (11th Cir. 2004) (per curiam); *accord Busse v. Lee Cty., Fla.*, 317 F. App'x 968, 973–74 (11th Cir. 2009) (per curiam). Indeed, 28 U.S.C. § 1367(c)(3) expressly permits a district court to decline the exercise of supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. In light of the foregoing recommendations, which would result in the dismissal of all federal claims, and noting that Greisdorf has not otherwise established the Court's

original jurisdiction, I recommend that the Court decline to exercise jurisdiction over the remaining state law claims.

        C.     *Greisdorf Should Not Be Granted Leave to File a Third Amended Complaint.*

"The U.S. Supreme Court has held that undue delay and futility are adequate bases for denying leave to amend." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1320. Here, following a prior report and recommendation, which was adopted by the Court, Greisdorf amended his complaint twice. Even after the amendments, his claims remain subject to dismissal. Moreover, in light of the determinations made above, a more carefully pled complaint would not state a federal claim. *See Carter v. HSBC Mortg. Servs., Inc.*, No. 14-11898, 2015 U.S. App. LEXIS 11827, at *7 (11th Cir. July 9, 2015). Accordingly, I recommend that the Court not grant Greisdorf leave to file a third amended complaint.

**II.    RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **DISMISS with prejudice** Greisdorf's frivolous federal claims of (1) invasion of his right to privacy; (2) violations of his rights to due process, a fair trial, and access to the courts; and (3) taxation without representation;

2. **DISMISS without prejudice** Greisdorf's remaining state law claims with leave to file them in the appropriate state court;

3. **DENY** Greisdorf leave to amend;

4. **TERMINATE** all pending motions, including the Second Motion to Proceed Without Prepayment of Costs (Doc. No. 13) and Second Motion for Class Certification and Appointment of Counsel (Doc. No. 17); and

      5.      **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on November 10, 2015.

                                                *Karla R. Spaulding*
                                               KARLA R. SPAULDING
                                          UNITED STATES MAGISTRATE JUDGE